O

1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8               **CENTRAL DISTRICT OF CALIFORNIA**
9
10
11   MERCEDES L. CISNEROS,          )   Case No. LA CV 15-5270 JCG
12                   Plaintiff,     )   **MEMORANDUM OPINION AND**
                                    )   **ORDER**
13            v.                    )
                                    )
14   CAROLYN W. COLVIN,             )
     COMMISSIONER OF SOCIAL         )
15   SECURITY,                      )
                                    )
16                   Defendant.     )
17   _____ )
18

19          Mercedes L. Cisneros ("Plaintiff") challenges the Social Security Commissioner
20   ("Commissioner")'s decision denying her application for child's survivor benefits.
21   Plaintiff contends that the Administrative Law Judge ("ALJ") improperly determined
22   that she had failed to establish paternity of the deceased wage earner ("DWE"), Juan
23   H. Cisneros.  In particular, Plaintiff contends that the ALJ improperly found that the
24   DWE had not "openly held out" Plaintiff as his own under California intestate law.
25   (*See* Joint Stipulation ("Joint Stip.") at 3-11, 18-19; Administrative Record ("AR") at
26   17-26.)  For the reasons discussed below, the Court finds that reversal is not warranted.
27
28

                                         1

Preliminarily, as a matter of law, the Court must affirm the Commissioner's decision if it is based on proper legal standards and if its findings of fact are supported by substantial evidence in the "record as a whole." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Further, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

The Social Security Act provides financial benefits for a child who was dependent on an individual insured under the statute at the time of that wage earner's death. Social Security Act, § 202(d); 42 U.S.C. § 402(d). To determine whether an applicant is a "child" of the insured individual, the statute requires the agency to "apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State" in which the wage earner lived. Social Security Act, § 216(h)(2)(A); 42 U.S.C § 416(h)(2)(A); *Astrue v. Capato*, 132 S. Ct. 2021 (2012) (upholding this state-by-state scheme for determining federal child insurance benefits).[1]

The California Probate Code provides several ways that a child can establish a parental relationship between the child and her natural parent for purposes of intestate succession, one of which is showing "by clear and convincing evidence that the father has openly held out the child as his own[.]" Cal. Prob. Code § 6453(b)(2); *see Hardy v. Colvin*, 930 F. Supp. 2d 1196, 1210 (C.D. Cal. 2013). "Holding out," under § 6453(b)(2), requires an "unconcealed affirmative representation of paternity in open view." *Estate of Britel*, 236 Cal. App. 4th 127, 138-39 (Cal. Ct. App. 2015).

---

[1] Plaintiff appears to suggest that she also qualifies as the DWE's child under the alternative federal standard of 42 U.S.C. § 416(h)(3). (*See* Joint Stip. at 6, 10.) However, Plaintiff clearly waived that argument before the Administration. (*See* AR at 248 (Appeals Council letter brief conceding that "Section 216(h)(3) does not apply"), 265 (attorney argument before ALJ under California law)); *see also Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"); *Steward v. Astrue*, 2012 WL 4210624, at *4 (D. Or. Sept. 19, 2012) (claimant waived argument not raised before Appeals Council).

Here, the ALJ provided at least seven valid reasons for finding that Plaintiff failed to show that the DWE openly held her out as his own.

First, there was no evidence of financial support.[2]  (AR at 22, 24-25); *see Magallanes*, 881 F.2d at 750; California Community Property Law, Expert Series, § 13:57 (2016 ed.) ("[t]he public purpose in [§ 6453(b)(2)] is . . . to provide clear and convincing evidence that the father intends to fulfill his legal obligations of support, as well as the fact of the child's right to succession on his death and intestacy"); *cf. In re Wilson's Estate*, 164 Cal. App. 2d 385, 386-87, 390 (1958) (discussing, as a factor in determining whether decedent publicly acknowledged surviving daughter as his natural daughter, fact that deceased made payments to mother "from time to time" before and after daughter's birth).

Second, there was little evidence that the DWE was involved in Plaintiff's education or medical care.  (AR at 24, 29); *see Magallanes*, 881 F.2d at 750; *Britel*, 236 Cal. App. 4th at 139 ("[I]t makes sense that a decedent would intend his estate to pass to a child he *actively raised* and nurtured within his family." (emphasis added; citation and internal quotation marks omitted)).  Notably, (1) most school records list "Jaime Orellano" as Plaintiff's step-father, and make no mention of the DWE[3]; and (2) no medical records mention the DWE.  (*See* AR at 29, 40, 53, 55, 63.)

Third, Plaintiff began receiving benefits for her own disability in 1986, but neither she nor her mother provided a satisfactory explanation as to why additional

---

[2]    Plaintiff's mother, Dawn Orellano, testified that she last saw the DWE when Plaintiff was around 10 years old.  The DWE gave them $10 for Christmas, said "[h]ave a nice day," and Plaintiff's mother never saw him again.  (AR at 266.)  Plaintiff was 35 years old when the DWE died.  (*Id.* at 210-11, 256.)

[3]    Plaintiff points to a single school record that lists Plaintiff's parents as Juan and Dawn Cisneros.  (Joint Stip. at 9; AR at 65, 265.)  The ALJ specifically took this document into account and nonetheless concluded that, as a whole, the record showed the DWE was not sufficiently involved in Plaintiff's education or medical care to meet the standard of the statute.  (AR at 21, 265.)  This Court must defer to the ALJ's weighing and resolution of conflicts and ambiguities in the record.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014); *Batson*, 359 F.3d at 1198.

benefits were not sought from the DWE while he was alive over the next 17 years, and could have acknowledged Plaintiff as his child.[4]  (AR at 24, 159-60, 259); *see Magallanes*, 881 F.2d at 750; *cf. Britel*, 236 Cal. App. 4th at 144 (discussing how mother's decision not to bring a paternity action during deceased's lifetime "carried the risk that [the father] could die intestate while she waited for him to grow into fatherhood"; conversely, had she brought a paternity suit, the father might have chosen to write a will excluding the child).

Fourth, there was no evidence that the DWE listed Plaintiff on his application for benefits.  (AR at 24, 159, 186, 188); *see Magallanes*, 881 F.2d at 750; *Estate of Baird*, 193 Cal. 225, 276 (1924) ("it would be opposed to the idea of public acknowledgment if [the father] deliberately refrained from declaring his paternity when the occasion would naturally demand it; . . . or remained silent when he would reasonably be expected to announce he was the father of the child"); *Britel*, 236 Cal. App. 4th at 139 (approving *Baird* as providing useful guidelines in determining whether § 6453(b)(2) is satisfied).

Fifth, there was no written statement from the DWE.[5]  (AR at 24-25); *see Magallanes*, 881 F.2d at 750; *cf. In re Estate of Burden*, 146 Cal. App. 4th 1021, 1030 (2007) (§ 6453(b)(2) satisfied in part because father admitted paternity "on a number of occasions to a number of people, both orally and in writing").

Sixth, the DWE maintained another residence.  (AR at 22, 24-25, 59, 266); *see Magallanes*, 881 F.2d at 75; *cf. In re Abate's Estate*, 166 Cal. App. 2d 282, 290 (1958)

---

[4]    Plaintiff's mother simply explained she had "no way of knowing" she could seek benefits from the DWE.  (AR at 259.)

[5]    Plaintiff's birth certificate was signed by Plaintiff's mother as the sole informant.  (AR at 20-21, 210); *see Jason P. v. Danielle S.*, 226 Cal. App. 4th 167, 177 (2014) (under California law, a presumption of paternity can be established if the father's name is listed on the child's birth certificate, but only if it is listed with the father's consent).  Further, there is no indication the DWE completed Plaintiff's baptismal certificate or otherwise acknowledged paternity in writing.  (AR at 20-21, 209.)

4

1  (evidence that decedent father rented apartment and lived with mother and child

2  showed, in part, that he had publicly acknowledged child as his own).

3      Seventh, the only witness to allege that the DWE made statements

4  acknowledging paternity was a former co-worker – evidence that the ALJ reasonably

5  concluded was insufficient to meet the standard under California law.  (AR at 23, 25,

6  144, 206); *see Britel*, 236 Cal. App. 4th at 138-39 (rejecting argument that purported

7  father "openly held out" child as his own when he only privately conceded that he was

8  the father during pregnancy); *In re Spencer W.*, 48 Cal. App. 4th 1647, 1653-54 (1996)

9  (evidence that purported father claimed paternity to friends and family, but was

10  unwilling to proclaim paternity when there might have been some cost to him,

11  insufficient to satisfy requirement that he "openly and publicly admit paternity").

12      Thus, the ALJ properly determined that Plaintiff did not show by clear and

13  convincing evidence that the DWE openly held her out as his own under California

14  law.  *See* Cal. Prob. Code § 6453(b)(2).  Accordingly, substantial evidence supports

15  the ALJ's conclusion that Plaintiff failed to establish a parent-child relationship such

16  as would entitle her to child's survivor benefits under the Act.  *See* Social Security Act,

17  216(h)(2); 42 U.S.C § 416(h)(2).

18

19  //

20

21  //

22

23  //

24

25  //

26

27  //

28

1       Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered

2  **AFFIRMING** the decision of the Commissioner denying benefits.

3

4  DATED: August 23, 2016

5  _____

6                   Hon. Jay C. Gandhi
               United States Magistrate Judge

7

8                              ***

9

10     **This Memorandum Opinion and Order is not intended for publication. Nor is it
intended to be included or submitted to any online service such as
Westlaw or Lexis.**

11

12                           ***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28